U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAR 28  PM 3:20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA FENDLEY AND ACCESS NOW, INC.,** )<br>)<br>Plaintiffs )<br>)<br>VERSUS )<br>)<br>**HILTON RIVERSIDE, LLC,** )<br>)<br>Defendant )<br>_____ ) | Case No. 02-3655<br><br>Sect. I, Mag. 1 |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, INTERNATIONAL RIVERCENTER PARTNERSHIP, incorrectly named as HILTON RIVERSIDE, L.L.C., ("Defendant") hereby files its answer to Plaintiffs' Complaint and states as follows:

1.

Defendant admits the allegations as set forth in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore, denies same.

___ Fee_____
___ Process_____
_X_ Dktd //6____
___ CtRmDep_____
___ Doc. No. 7

4.

Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 4 of Plaintiffs' Complaint and therefore, denies same.  Further, Defendant specifically denies that it has failed to comply with the ADA.

5.

Defendant denies that it is a foreign limited liability company registered to do and doing business in the State of Louisiana but admits that it is a partnership whose place of organization is Louisiana and that it is doing business in Louisiana; furthermore, Defendant admits that it is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, the Hilton Hotel.

6.

Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and therefore, denies same.

7.

Defendant states that it is not required to answer the statements of law set forth in Paragraph 7 of Plaintiffs' Complaint; however, in the event that an answer is required, Defendant states that the sources cited in Paragraph 7 of Plaintiffs' Complaint are the best evidence of their contents, and therefore, Defendant denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant admits that it owns the Hotel and that the Hotel is a place of public accommodation pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104.

9.

Defendant denies the allegations of Paragraph 9 of the Plaintiffs' Complaint, and specifically denies that it has discriminated against Plaintiffs.

10.

Defendant denies the allegations of Paragraph 10 of Plaintiffs' Complaint and specifically denies that it has discriminated against Plaintiffs.

11.

Defendant states that it is not required to answer the statements of law set forth in Paragraph 11 of Plaintiffs' Complaint; however, in the event that an answer is required, Defendant states that the sources cited in Paragraph 11 of Plaintiffs' Complaint are the best evidence of their contents, and therefore, Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint and specifically denies that it has violated the ADA.

13.

Defendant denies the allegations of Paragraph 13 of Plaintiffs' Complaint and specifically denies that it has violated the ADA.

14.

The allegations of Paragraph 14 of Plaintiffs' Complaint constitute a legal conclusion and therefore do not require an answer by Defendant; however, in the event that a response is required, Defendant denies the allegations of Paragraph 14 of Plaintiffs' Complaint and specifically denies that it is operating in violation of the ADA.

15.

Defendant states that it is not required to answer the statements of law set forth in Paragraph 15 of Plaintiffs' Complaint; however, in the event that an answer is required, Defendant states that the sources cited in Paragraph 15 of Plaintiffs' Complaint are the best evidence of their contents, and therefore, Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint and specifically denies that it has failed to comply with the ADA.

16.

Defendant has insufficient information to admit or deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint, and therefore, denies same.

17.

Defendant admits the allegations of Paragraph 17 of Plaintiffs' Complaint insofar as it admits that this Court has the authority to hear this matter; however, Defendant denies that injunctive relief including alteration and closure of the facility is appropriate.

18.

Defendant states that it is not required to respond to the allegations in Plaintiffs' Prayer for Relief; however, to the extent that a response is required by Defendant, Defendant denies all allegations contained in Plaintiffs' Prayer for Relief.

19.

All allegations not otherwise admitted or denied are hereby denied.

### Affirmative Defenses

1. Plaintiffs have failed to state a claim on which relief can be granted.

2. The elimination of all alleged architectural barriers sought in the complaint is not readily achievable.

3. Defendant has provided readily achievable alternatives to barrier removal.

4. Plaintiffs failed to institute/or exhaust administrative remedies as required by 42 U.S.C., Sec. 12188 (a) and 42 U.S.C., Sec. 2000 (a)-3 (c).

5. Plaintiffs do not have standing to bring this suit.

6. Plaintiff, Access Now, Inc., lacks associational standing to bring this suit.

7. The Complaint is barred by the applicable statue of limitations.

8. Plaintiffs' claims are premature.

9. Plaintiffs lack capacity to bring this suit.

10. Plaintiffs have failed to mitigate their damages, and have failed to mitigate their attorneys' fees and costs.

11. At all times material to this Complaint, Defendant made alternative methods for accommodation and access available as required in 42 U.S.C.A. § 12182.

12. Plaintiffs are limited to seeking injunctive relief relating to the specific barriers to Plaintffs, to the extent any exist, which present an obstacle to those Plaintiffs who attempted to use the Hotel's facilities and have been unable to do so.

WHEREFORE, Defendant, INTERNATIONAL RIVERCENTER PARTNERSHIP, incorrectly named as HILTON RIVERSIDE, L.L.C., respectfully requests that after due proceeding be had, Plaintiffs' Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

Respectfully submitted this 28th day of March, 2003.

_____
THEODORE L. WHITE (# 20029)
DAWN M. PALMISANO (# 23543) TA
of

DEUTSCH, KERRIGAN & STILES, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504/581-5141
Facsimile: 504/566-1201
twhite@dkslaw.com
ATTORNEYS FOR DEFENDANT
INTERNATIONAL RIVERCENTER
PARTNERSHIP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Complaint has been furnished by facsimile and regular mail to:

Edward I. Zwilling, Esq.
Schwartz, Zweben & Associates, LLP
300 Office Park Drive, Suite 217
Birmingham, Alabama 35223

and

Victor Farrugia, Esq.
228 St. Charles Avenue, Suite 800
New Orleans, Louisiana 70130-2601

on this 28th day of March, 2003.

*[signature]*
THEODORE L. WHITE (# 20029)
DAWN M. PALMISANO (# 23543)
of
DEUTSCH, KERRIGAN & STILES, L.L.P
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504/581-5141
Facsimile: 504/566-1201
twhite@dkslaw.com
ATTORNEYS FOR DEFENDANT
INTERNATIONAL RIVERCENTER
PARTNERSHIP